# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TRAEVON WILLIAMS**, | Case No. 2:22-cv-3008 |
| Plaintiff, | Judge Edmund A. Sargus |
| v. | Magistrate Judge Elizabeth Preston Deavers |
| **CITY OF CHILLICOTHE**, et al, | |
| Defendants. | |

## DEFENDANTS CITY OF CHILLICOTHE, CHILLICOTHE POLICE DEPARTMENT, LUKE FEENEY, RONALD MEYERS, KEITH WASHBURN, TIMOTHY GAY, CHRISTOPHER DUBAY, MICHAEL SHORT AND JEFFREY CARMAN FOR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Now come Defendants, City of Chillicothe, Chillicothe Police Department, Luke Feeney, Ronald Meyers, Keith Washburn, Timothy Gay, Christopher Dubay, Michael Short, and Jeffrey Carman (collectively referred to herein as "Chillicothe Defendants"), by and through its counsel, and move for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Plaintiff's claims against the individual Defendants under Title VII and Ohio Rev. Code § 4112.02 and Plaintiff's claims under Ohio Rev. Code § 4112.99 and 42 U.S.C. § 1983 fail as a matter of law. Accordingly, Chillicothe Defendants respectfully request that this Court dismiss the claims against the individual Defendants and Counts Three and Four of Plaintiff's Amended Complaint with prejudice. The arguments supporting this Motion are fully briefed in the attached Memorandum in Support.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570), Trial Attorney
Mrinali Sethi (0101295)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215
Tel: (614) 228-1311 | Fax: (614) 232-2410
Email: pkasson@reminger.com
           msethi@reminger.com
*Counsel for Defendants City of Chillicothe, Chillicothe Police Department, Luke Feeney, Ronald Meyers, Keith Washburn, Timothy Gay, Christopher Dubay, Michael Short, and Jeffrey Carman*

**MEMORANDUM IN SUPPORT**

Plaintiff has alleged a multitude of claims against the Chillicothe Defendants stemming from his employment with the Chillicothe Police Department ("Police Department"). In his Amended Complaint, Plaintiff named several current and former employees of the City and the Police Department. But Plaintiff's claims against these individuals are precluded by both federal and state law. Additionally, Plaintiff's Third and Fourth Count fail because there is no private cause of action under Ohio Rev. Code § 4112.99, and Plaintiff has not alleged an independent constitutional violation to proceed under 42 U.S.C. § 1983. For these reasons, Chillicothe Defendants respectfully request that this Court dismiss all Individual Defendants and Counts Three and Four of Plaintiff's Amended Complaint.

I.  **STATEMENT OF FACTS**

Defendant, City of Chillicothe ("City"), is a municipal corporation and political subdivision of the State of Ohio. (Am. Compl. ¶ 3). Defendant, Police Department is the City's law enforcement agency. (Am. Compl. ¶ 3) Plaintiff began employment with the Police Department on December 27, 2017. (Am. Compl. ¶ 9) In 2019, Plaintiff applied for a K9 Handler position. (Am. Compl. ¶ 24). After being passed over for the K9 handler position, Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC") for racial discrimination. (Am. Compl. ¶ 166). Since his initial Charge, Plaintiff has filed numerous other Charges of Discrimination. (Am. Compl. ¶ 166).

Plaintiff initially filed his Complaint on August 3, 2022, against the City and Police Department. (*See generally* Compl.). On December 29, 2022, Plaintiff amended his Complaint to name Luke Feeney, Ronald Meyers, Keith Washburn, Timothy Gay, Christopher Dubay, Michael

Short, and Jeffrey Carman ("Individual Defendants"), in their individual and official capacities. (*See generally* Am. Compl.).

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Like a motion to dismiss under Rule 12(b)(6), "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001). Although this standard "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In considering a Rule 12(c) motion, the court is required to accept all factual allegations contained within the complaint as true, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

## III. ARGUMENT

### A. The Individual Defendants may not be Held Liable under Title VII.

To the extent Plaintiff brings claims against the Individual Defendants in their personal capacity, these claims must be dismissed because individuals cannot be held liable under Title VII. *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012); *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999).

**B.  The Individual Defendants may not be Held Liable under Ohio Rev. Code 4112.02.**

"[N]o person has a cause of action or claim based on an unlawful discriminatory practice relating to employment described in division (A)(24)(a) of section 4112.01 of the Revised Code against a supervisor, manager, or other employee of an employer unless that supervisor, manager, or other employee is the employer." Ohio Rev. Code § 4112.08(A); *see also Reeves v. P&E Logistics, Inc.*, 2:21-cv-4167, 2022 U.S. Dist. LEXIS 54990, at *9 (S.D. Ohio Mar. 28, 2022) ("Ohio law prohibits individual liability for employment discrimination or retaliation.").

Here, none of the Individual Defendants qualify as an employer under the statute. None of the individual Defendants are alleged to function as the owner of the City or the Police Department. Under the Ohio Revised Code, an employer is "the state, any political subdivision of the state, or a person employing four or more persons within the state, and any agent of the state, political subdivision, or person." Ohio Rev. Code § 4112.01(A)(2). To be sure, the City and Police Department qualify as employers, but the Individual Defendants are squarely employees who cannot be held liable under the statute. Ohio Rev. Code § 4112.08(A); Ohio Rev. Code § 4112.01(A)(3) ("'Employee' means an individual employed by any employer but does not include any individual employed in the domestic service of any person.").

Moreover, the Ohio Supreme Court has held that "R.C. 4112.01(A)(2) and 4112.02(A) do not expressly impose civil liability on political-subdivision employees so as to exempt them from immunity under R.C. 2744.03(A)(6)(c), but rather subject a political-subdivision employer to vicarious liability for the discriminatory acts of its employees." *Hauser v. City of Dayton Police Dep't*, 140 Ohio St. 3d 268, 273 (2014); *see also Owen v. Cole*, No. 1: 21-179-DCR, 2021 U.S. Dist. LEXIS 95639, at *10 (S.D. Ohio May 20, 2021) ("The Ohio Supreme Court has determined that § 4112.02 does not impose liability on individual employees."). Here, Plaintiff concedes that

5

the City and Police Department are political subdivisions. (*See* Am. Compl. 3). So, the Individual Defendants cannot be held liable as employees of the City and Police Department. Instead, Plaintiff may only pursue an action against the City and the Police Department for his discrimination claims.

Because the Individual Defendants may not be held liable under Ohio Rev. Code § 4112.08(A), this Court should dismiss them from Plaintiff's suit.

### C. Plaintiff Does Not State a Claim Against Mayor Luke Feeney.

"A complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Here, Plaintiff makes no factual allegations regarding Mayor Luke Feeney, other than naming him as a Defendant. (Am. Compl. ¶ 1). Without any specific allegations relating to any purported conduct of Mayor Feeney, Plaintiff has not stated sufficient facts to state that a claim to relief is plausible. *Id.* Accordingly, all claims against Mayor Feeney fail as a matter of law.

### D. There Is no Private Cause of Action under Ohio Rev. Code § 4112.99.

"A person is prohibited from bringing a civil action for employment discrimination under this section." Ohio Rev. Code § 4112.99. Because there is no private cause of action under the statute, Plaintiff's Third Count fails as a matter of law.

### E Plaintiff Cannot Maintain a Separate 42 U.S.C. § 1983 Claim.

"Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII." *Pinelo v. Northern Ky. Univ.*, No. 96-5765, 1998 U.S. App. LEXIS 6660,

6

at *6 (6th Cir. Mar. 31, 1998); *see also Das v. Ohio State Univ.*, 115 F. Supp. 2d 885, 889 n.1 (S.D. Ohio 2000).

Here, Plaintiff's Fourth Count contains exceedingly bare allegations against the Defendants, in the form of a 42 U.S.C. § 1983 claim. Indeed, Plaintiff states only that "By denying Plaintiff the enjoyment of his employment contract because of his race, Defendants CPD violated 42 U.S.C. § 1983." (Am. Compl. ¶ 186). To state a § 1983 claim, Plaintiff must allege that "(1) he was deprived of a right secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law." *Bonds v. Berne Union Local Schs*, No. 2:20-CV-5367, 2021 U.S. Dist. LEXIS 93058, at *10 (S.D. Ohio May 17, 2021). But Plaintiff has not pointed to an independent right derived from a constitutional source. *See id.*

Because § 1983 claims may not be invoked to redress Title VII violations, as alleged here, and because Plaintiff has not directed the Court to an independent constitutional right, Plaintiff's Fourth Count fails as a matter of law. *Id.*

## IV.  CONCLUSION

Plaintiff cannot maintain claims against the Individual Defendants, either under Title VII or under Ohio law. Additionally, Plaintiff's Third and Fourth Counts fail as a matter of law because there is no private cause of action under Ohio Rev. Code § 4112.99 and Plaintiff has not pointed to any independent constitutional right to impose liability through 42 U.S.C § 1983. Accordingly, this Court should grant Defendants Motion for Judgement on the Pleadings, and dismiss all Individual Defendants, and Counts Three and Four of the Amended Complaint.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570), Trial Attorney
Mrinali Sethi (0101295)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215
Tel: (614) 228-1311 | Fax: (614) 232-2410
Email: pkasson@reminger.com
         msethi@reminger.com
*Counsel for Defendants City of Chillicothe, Chillicothe Police Department, Luke Feeney, Ronald Meyers, Keith Washburn, Timothy Gay, Christopher Dubay, Michael Short, and Jeffrey Carman*

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 1, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                          */s Patrick Kasson*
                                          Patrick Kasson (0055570)